IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DONDI SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-00464-W-RED |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Dondi Simmons seeks judicial review of the Commissioner's denial of his request for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3) (2009); *Warburton v. Apfel*, 188

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2) (2009); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2009); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he is disabled. If the claimant is not able to perform his past

2

work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## ANALYSIS

Plaintiff argues substantial evidence does not support the ALJ's findings and the ALJ did not use the correct legal standard, pursuant to the Social Security Act, regulations, and case law, in rendering a decision finding Plaintiff not under a disability. Specifically, 1) Plaintiff challenges the ALJ's finding he is not disabled in the absence of substance abuse, 2) Plaintiff alleges the ALJ did not properly consider all record evidence in the Residual Functional Capacity ("RFC") assessment of Plaintiff, and 3) Plaintiff challenges the ALJ's determination that Plaintiff can perform work in the national economy, based on vocational expert testimony.

**The ALJ did not err in finding Plaintiff not disabled in the absence of substance abuse**

Plaintiff first challenges the ALJ's finding that in the absence of substance abuse, Plaintiff's mental limitations are not disabling. When there is evidence of claimant's addiction to drugs or alcohol, pursuant to 20 C.F.R. § 404.1535 (2010), the ALJ must determine whether "drug addiction or alcoholism" is a "contributing material factor to the determination of disability." The "key factor" used by the ALJ in determining whether substance addiction is a "contributing material factor" is whether the ALJ would still find the claimant disabled if the claimant "stopped using drugs or alcohol." *Id*.

Plaintiff disputes the ALJ's assessment of his mental limitations absent consideration of

3

substance abuse. Specifically, Plaintiff asserts the ALJ erred in failing to note the significance of Plaintiff's Global Assessment of Functioning (GAF) scores below a range of 50 and in giving any weight to Plaintiff's periods of improvement. Plaintiff also claims the ALJ erred in considering his receipt of unemployment compensation as inconsistent with a claim of disability.

Upon review, the Court cannot find the ALJ committed error during its review of the evidence. The ALJ found Plaintiff's mental limitations were not disabling absent substance abuse. Notably, the ALJ reviewed medical records and found that when Plaintiff complied with his treatment and refrained from using drugs and alcohol, his symptoms lessened and his GAF scores ranged from 51-60. The ALJ also reviewed evaluations of the Plaintiff at the Truman Medical Center, as well as statements made by the Plaintiff, which indicated Plaintiff's symptoms worsened when he used drugs.

Although Plaintiff argues the ALJ failed to note the significance of Plaintiff's GAF scores below 50, the Court cannot reverse the ALJ on this reason alone. The "ALJ is not required to discuss every piece of evidence submitted, [and] an ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998).

Plaintiff also alleges the ALJ should not have given any weight to evidence of Plaintiff's improvement. However, Plaintiff cites no authority for such a position. The ALJ based its determination on review of medical records and evidence spanning a period of several years. The ALJ considered the impact of Plaintiff's drug use on his mental impairments, and the ALJ also considered Plaintiff's own admissions that drug use worsened his symptoms. Thus, the ALJ's findings are supported by sufficient evidence.

Finally, Plaintiff argues the ALJ incorrectly considered Plaintiff's receipt of unemployment

4

compensation to be inconsistent with a claim of disability, citing to *Jernigan v. Sullivan*, 948 F.2d 1070, 1074 (8th Cir. 1991) for such a proposition. In support, Plaintiff cites authority noting that "mere receipt of unemployment insurance benefits does not prove ability to work." *Kinsella v. Schwieker*, 708 F.2d 1058, 1066 (6th Cir. 1983). However, nothing in the record states the ALJ conclusively relied on Plaintiff's receipt of unemployment compensation to support the ALJ's findings. The ALJ considered Plaintiff was trying to find work because his unemployment compensation was ending and that receipt of unemployment compensation is inconsistent with a claim of disability, in addition to the other evidence in the record.

The ALJ's determination that absent substance abuse Plaintiff is not disabled, is supported by substantial evidence. Furthermore, the ALJ used the correct legal standard in rendering a decision finding Plaintiff not under a disability.

### **The ALJ's RFC assessment of Plaintiff is supported by substantial evidence**

Plaintiff next alleges the ALJ did not properly consider all record evidence in assessing Plaintiff's Residual Functional Capacity ("RFC"). Plaintiff first claims the ALJ either did not review the prison records, or ignored them, because the ALJ found there were no mental health treatment records in the prison records. As Plaintiff points out and as Defendant concedes, there were mental health treatment records demonstrating Plaintiff suffered from mental health symptoms while in prison.

The ALJ must determine a claimant's "RFC based on all the relevant evidence." *Page v. Astrue*, 484 F.3d. 1040, 1043 (8th Cir. 2007). However, after consideration of the record, the Court finds the ALJ's RFC assessment is supported by substantial evidence. Prison records reveal periods where Plaintiff's mental symptoms were improved. In November 2006, Plaintiff was found to have

a GAF score of 65. "[A] GAF score of 65 [or 70] ... reflects 'some mild symptoms (e.g. depressed mood or mild insomnia) OR some difficulty in social, occupational, or school functioning ... but generally functioning pretty well, has some meaningful interpersonal relationships.' " *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010) (quoting *Kohler v. Astrue,* 546 F.3d 260, 263 (2d Cir. 2008)). Other prison records also show periods where Plaintiff's mental symptoms were improved. Although the ALJ incorrectly noted a lack of mental health treatment records contained in the prison records, the ALJ's RFC assessment of Plaintiff is supported by substantial evidence.

Plaintiff also challenges the ALJ's partial reliance on the report by Dr. A. James Fix, Ph.D. Plaintiff alleges the ALJ did not use portions of Dr. Fix's report which are contrary to the ALJ's findings. However, as Defendant notes, Dr. Fix did not assess Plaintiff's impairments in the absence of substance abuse. Part of Dr. Fix's diagnosis notes Plaintiff suffers from alcohol dependence, only in short term remission. Dr. Fix further discusses the impact of alcohol dependence on Plaintiff. Notably, the ALJ found Plaintiff was disabled when considering his drug and alcohol abuse.

Dr. Fix also stated he thought Plaintiff could perform simple tasks, although he would have difficulty with others on the job. The ALJ's RFC assessment found Plaintiff could perform simple, routine and repetitive tasks with only limited interaction with other employees and supervisors. The ALJ's findings were not inconsistent with Dr. Fix's report.

Finally, Plaintiff claims the ALJ's RFC assessment is not supported by any medical records. "An RFC is a medical question, and the ALJ's determination of a claimant's RFC 'must be supported by some medical evidence of the claimant's ability to function in the workplace.' " *Flynn v. Astrue*, 513 F.3d 788, 792 (8th Cir. 2008) (quoting *Cox v. Astrue*, 495 F.3d 614, 619 (2007). However, as noted above, the ALJ relied in part on Dr. Fix's examination of Plaintiff, as well as other evidence.

6

In determining Plaintiff's RFC, the ALJ factored in Dr. Fix's medical report, Plaintiff's failure to follow treatment recommendations, his past work history, and Plaintiff's subjective complaints as well his credibility regarding such complaints. The ALJ also considered Plaintiff's admissions regarding substance abuse, his receipt of unemployment compensation and his attempt to find work. Finally, the ALJ also found, based on the records, that when Plaintiff complies with treatment and refrains from substance abuse, his symptoms improved. The ALJ's RFC assessment is supported by substantial evidence in the record.

### **The vocational expert testimony supports the ALJ's findings**

Plaintiff finally alleges the testimony of the vocational expert ("expert"), when asked hypothetical questions setting forth Plaintiff's impairments, show Plaintiff is unable to perform jobs in the region or nation. Plaintiff's argument centers on one of several hypothetical questions given to the vocational expert. The ALJ asked the expert to

> Assume an individual of this claimant's age, education, and experience. This individual has no exertional limitations, non-exertionally his limitations physically and environmentally are that he should never climb ladders, ropes, or scaffolds, and he should never be exposed to hazards. The balance of the limitations are mental. This individual should never be expected to understand, remember or carried [sic] out detailed instructions. His job duties should be simple, repetitive, and routine in nature. This person should never have any job duties which entail public contact although incidental contact, contact in passing is acceptable. This individual further should never have contact with co-workers, again the same situation as with public contact. Finally, he may have occasional contact with supervisors.

(Feb 18, 2009 Hearing Transcript. p. 708-09).

The expert testified that because the hypothetical called for an individual having no contact with other employees, the individual could not perform jobs in the region or nation. The ALJ then modified the hypothetical to an individual that could have occasional contact with co-workers. The expert testified that there would be jobs the individual could perform. The ALJ again modified the

7

hypothetical to add additional limitations, and the expert found the individual could not perform jobs in the region or nation.

A hypothetical question must include all of a claimant's impairments, but the question only needs to include impairments and limitations the ALJ accepts as true. *Grissom v. Barnhart*, 416 F.3d 834, 837 (8th Cir. 2005). Plaintiff argues the expert testified an individual with Plaintiff's limitations cannot perform jobs in the region or nation. However, as noted above, there was expert testimony supporting the ALJ's finding that Plaintiff is capable of performing work existing in the national economy. Furthermore, the expert testimony supports the ALJ's RFC assessment, discussed above. Thus, the Court finds the vocational expert's answer to the ALJ's hypothetical question, based on the ALJ's RFC assessment of Plaintiff, was substantial evidence supporting the ALJ's finding that Plaintiff was not under a disability. *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006).

For the reasons set forth above, the Court affirms the ALJ's decision.

**IT IS SO ORDERED.**

DATED: September 16, 2010          */s/ Richard E. Dorr*
                                   RICHARD E. DORR, JUDGE
                                   UNITED STATES DISTRICT COURT